WILLIAM C. KOCH, JR.,
Judge, concurring.
I concur with the results of the presiding judge’s opinion but file this separate opinion to explain my reasoning. Mr. Daniels has a right to expect that the Board of Paroles will follow its established procedures for considering him for parole. Tenn.Comp.R. & Regs, r. 1100-1-1-03(12) (1995) permits the Board to terminate a prisoner’s parole based on pertinent information not available to the Board at the time of the hearing. When the Board considered Mr. Daniels for parole on April 9, 1996, it did not have available to it the victim impact statements of his victim’s surviving family members.
We need not address the questions concerning who is entitled to notice under Tenn. Code Ann. § 40-28-505 (1997) or who should bear the burden of failure to comply with Tenn.Code Ann. § 40-28-505’s requirements. Under the Board’s procedural rules, it matters little why the pertinent information was not available to the Board. I find that the Board did not act arbitrarily or capriciously when it decided to hold a second hearing and to consider the victim impact statements.